IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHEMONICS INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 24-817-RGA |
| ) | |
| ACE AMERICAN INSURANCE ) | **JURY TRIAL DEMANDED** |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DECLARATION OF ERIC MARCOTTE IN SUPPORT OF SEALING OR
REDACTING DEFENDANT'S OPENING BRIEF AND CERTAIN EXHIBITS IN
SUPPORT OF DEFENDANT'S MOTION TO TRANSFER**

I, Eric Marcotte, declare as follows:

1. I am an attorney and serve as Legal Counsel for Chemonics International, Inc. ("**Chemonics**"). Before my current role, I practiced first at the law firm of Winstin & Strawn and then at the law firm of Vedder Price, specializing in government contracts law at both firms. I have 25 years of experience handling a wide range of government contracts and litigation matters, and I have represented Chemonics on such matters for over a decade.

2. I make this declaration in support of (a) sealing Exhibit D to Defendant's Motion to Transfer, (b) redacting portions of Exhibit B and Exhibit E, and (c) correspondingly redacting portions of Defendant's Opening Brief (D.I. 10). Unless otherwise indicated, I have personal knowledge of the facts herein and could testify to them competently if called upon to do so.

3. Exhibit B is a contract between Chemonics and USAID. The redacted information pertains specifically to (a) pricing and cost arrangements between Chemonics and USAID, (b) the identity of approved subcontractors, and (c) the identity of certain individuals, including USAID personnel. This information is confidential, non-public, not otherwise available, and business sensitive. Indeed, the government-contracts space, and particularly the

international development portion of it involving USAID, is highly competitive. There are only a few USAID contractors, and they do not know the referenced details of each other's contractual arrangements with USAID. I believe the redactions are necessary, specific, and limited to the least amount of information necessary to protect Chemonics.

4. Exhibit D is a Civil Investigative Demand ("**CID**") issued by the Department of Justice ("**DOJ**") to Chemonics pursuant to the False Claims Act, addressing allegations of misconduct concerning Chemonics' former subcontractor Zenith (the "**USAID Claim**"). The CID was issued in connection with a pending DOJ investigation of Chemonics into these alleged False Claims Act violations. The CID references, among other things, numerous categories of highly sensitive information that the DOJ has sought and that Chemonics has provided, including highly sensitive financial information and the names of Chemonics' current and former subcontractors. The CID also identifies the trial attorneys who are representing the DOJ as well as the names and contact details of the counsel who are representing Chemonics in connection with this DOJ investigation. The DOJ and the Chemonics are currently in the midst of sensitive negotiations to settle this matter. Public disclosure of the contents of the CID, particularly while the investigation remains unresolved, would risk revealing details of the DOJs investigative strategy and would also risk harming Chemonics' competitive position.

5. Chemonics thus has endeavored to keep the referenced information contained in Exhibits B and D confidential. It has shared these exhibits with Defendant ACE in confidence, solely for the purpose of evaluating and providing coverage for the USAID Claim. Indeed, as part of providing this information and similar information to ACE, Chemonics insisted on the execution of a Non-Disclosure Agreement, as noted in paragraph 63 of the Complaint.

6. Exhibit E is a notice email from Chemonics to ACE regarding the USAID Claim. The redacted information pertains specifically to the USAID Claim and Chemonics' defense of that claim. I believe the redactions are necessary, specific, and limited to the least amount of information necessary to protect Chemonics.

7. The redacted portions of Defendant's Opening Brief discuss the confidential information contained in Exhibits B, D, and E. Specifically, the redactions on page 3, the top of page 4, and the middle of page 12 discuss the USAID contract, while the redactions toward the bottom of page 4, on pages 5-6, further down on page 12, and on pages 13-14 discuss details of the DOJ investigation, including details about the CID. I believe the redactions are necessary, specific, and limited to the least amount of information necessary to protect Chemonics.

8. Public disclosure of the aforementioned information would risk significant harm to Chemonics by risking interference with its ongoing defense of the USAID Claim, including its negotiations with the Government, and by publicizing sensitive, confidential and proprietary business information. For example, visibility into Chemonics' highly confidential business relationships and negotiations would risk giving competitors the ability to undercut Chemonics pricing and contract terms. Competitors with this sensitive information would likely gain insights into how to structure their own business deals and how to position themselves when competing with Chemonics. Furthermore, disclosure of the terms of the DOJ's investigation would risk allowing Chemonics' competitors to disparage Chemonics, reveal the details of the investigation to Chemonics' customers, and thereby disadvantage Chemonics' position in the market.

9. I believe that, if this information is made public, there would be significant risk that Chemonics would suffer clearly defined, substantial, and specific harm, including, but not

limited to, financial damage, loss of good-will/damage to commercial standing, and/or other irreparable harm. Competitors likely would benefit from the disclosure of the above referenced information and likely would use it to enhance their market position at Chemonics's expense. Additionally, public disclosure of the contents of the DOJ investigation would risk irreparably damaging Chemonics' reputation with its customers and in the marketplace. Accordingly, Chemonics has a legitimate interest in protecting this information from disclosure, which warrants the requested redactions and sealing of this information.

10.   Chemonics thus respectfully requests that the Court allow Exhibit D to be filed under seal, and accept the redacted versions of Exhibit B, Exhibit E, and the Opening Brief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of September, 2024, in Arlington, Virginia

By: _____
Eric Marcotte