**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CHEMONICS INTERNATIONAL, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ACE AMERICAN INSURANCE | ) C.A. No. 1:24-cv-00817-RGA |
| COMPANY, | ) |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
| | ) |
| | ) |

## ACE AMERICAN INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CHEMONICS INTERNATIONAL, INC.'s FIRST AMENDED COMPLAINT

Defendant ACE American Insurance Company ("ACE"), by counsel, submits the following Answer and Affirmative Defenses to the First Amended Complaint (the "Complaint") filed by Chemonics International, Inc. ("Chemonics" or "Plaintiff").

## ANSWER TO COMPLAINT

The responses in ACE's Answer are numbered to correspond to the paragraphs in the Complaint and ACE's Answer uses the same defined terms as the Complaint, except as otherwise stated below. For ease of reference, the headings in this Answer reference the headings in the Complaint. To the extent the headings make any factual allegations or legal assertions, ACE denies such allegations and assertions. ACE denies all allegations in the Complaint except as specifically admitted below.

## <u>INTRODUCTION</u>

1.     The allegations in Paragraph 1 describe the alleged nature of the Complaint to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 1. ACE further denies that Plaintiff is entitled to any of the relief it seeks.

2.     The allegations in Paragraph 2 describe the alleged nature of the Complaint to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 2 fully and accurately set forth the allegations of the USAID Claim. ACE respectfully refers the Court to all relevant documents and correspondence relating to the USAID Claim, including but not limited to the July 19, 2021 DOJ letter, for their complete context and content.

3.     The allegations in Paragraph 3 describe the alleged nature of the Complaint to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 3. ACE further denies that Plaintiff is entitled to any of the relief it seeks.

4.     The allegations in Paragraph 4 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 4 and denies that Plaintiff is entitled to any of the relief it seeks.

5.     ACE admits that it has not made any defense cost payments with respect to the USAID Claim. ACE denies that the remaining allegations in Paragraph 5 fully and accurately set forth the relevant coverage correspondence. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

6.     ACE denies that the allegations in Paragraph 6 fully and accurately set forth the relevant coverage correspondence. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant

correspondence for its complete context and content. The remaining allegations in Paragraph 6 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 6.

7.      ACE denies that the allegations in Paragraph 7, including those in footnote 1, fully and accurately set forth the relevant coverage correspondence. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content. The remaining allegations in Paragraph 7 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 describe the alleged nature of the Complaint to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 8. ACE further denies that Plaintiff is entitled to any of the relief it seeks.

## THE PARTIES

9.      To the extent the allegations in Paragraph 9 state legal conclusions, no response is required.

10.      Admitted.

## JURISDICTION

11.      The jurisdiction allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 11.

12.      ACE admits that it is licensed and/or authorized to do business in Delaware. The remaining jurisdictional allegations in Paragraph 12 state legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 12.

13.     ACE admits that it is licensed and/or authorized to do business in Delaware. The remaining jurisdictional allegations in Paragraph 13 state legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 13.

## BACKGROUND

## THE POLICY

14.     Admitted.

15.     ACE denies that the allegations in Paragraph 15 fully and accurately set forth the terms of the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content.

16.     Admitted,

17.     ACE denies the allegations in Paragraph 17 insofar as they are a partial quotation of the Insuring Agreement in the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content.

18.     ACE denies the allegations in Paragraph 18 insofar as they are a partial quotation of the Section I.B in the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content. The full paragraph cited in Paragraph 18 states as follows:

> The **Company** shall have the right and duty to defend any covered **Claim** brought against the **Insured** even if the **Claim** is groundless, false or fraudulent. The **Insured** shall not admit or assume liability or settle or negotiate to settle any **Claim** or incur any **Claims Expenses** without the prior written consent of the **Company** and the **Company** shall have the right to appoint counsel and to make such investigation and defense of a **Claim** as it deems necessary.

19.     ACE denies the allegations in Paragraph 19 insofar as they are a partial quotation of the "Claim" definition in the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content.

20.     ACE denies the allegations in Paragraph 20 insofar as they are a partial quotation of the "Claims Expenses" definition in the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content.

21.     ACE denies the allegations in Paragraph 21 insofar as they are a partial quotation of the "Wrongful Act" definition in the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content.

22.     ACE denies the allegations in Paragraph 22 insofar as they are a partial quotation of the "Professional Services" definition in the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content.

23.     ACE denies the allegations in Paragraph 23 insofar as they are a partial quotation of the "Damages" definition in the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content. For example the Policy excludes from the definition of Damages "lost profits, disgorgement of profits, royalties, commissions, cost of recall, reproduction costs, cost of correction, and charges for goods or services. See Policy Section II.F., amended by Endorsement No. 5.

24.     The allegations in Paragraph 24 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 24.

25.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 25 concerning Chemonics' Defense Costs. The remaining allegations in Paragraph 25 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the remaining allegations in Paragraph 25.

26.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 26 concerning Chemonics' Defense Costs and therefore denies such allegations.

27.     ACE denies that the allegations in Paragraph 27 fully and accurately set forth the terms of the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content.

28.     The allegations in Paragraph 28 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 29.

**FACTS COMMON TO "THE GLOBAL FUND" MATTER AND THE USAID CLAIM**

30.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 30 and, therefore, denies such allegations.

31.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 31 and, therefore, denies such allegations.

32.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 32 and, therefore, denies such allegations.

33.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 33 and, therefore, denies such allegations.

34.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 34 and, therefore, denies such allegations.

## "THE GLOBAL FUND" MATTER

35.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 35 and, therefore. denies such allegations.

36.     Admitted.

37.     ACE denies the allegations in Paragraph 37 to the extent that such allegations are contrary to, misconstrue, and/or mischaracterize ACE's May 28, 2020 correspondence.   For example, ACE stated in its May 28, 2020 correspondence that it "accepts this matter as a notice of circumstance under Section VI.A.2" of the Policy and that it reserved all of its rights under the Policy.

38.     ACE denies that the allegations in Paragraph 38 fully and accurately sets forth The Global Fund's Office of the Inspector General's October 2020 Report dated October 2, 2020, which is not attached to the Complaint. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant October 2020 Report and respectfully refers the Court to the relevant report for its complete context and content.

39.     ACE denies that the allegations in Paragraph 39 fully and accurately sets forth Chemonics' response to The Global Fund, which is not attached to the Complaint. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

40.     ACE denies the allegations in Paragraph 40 and notes that the documents to which Paragraph 40 refers are not attached to the Complaint and were not provided to ACE on a contemporary basis.

41.     ACE denies the allegations in Paragraph 41 as the March 9 GFOIR Report issued by the Global Fund's Office of the Inspector General is not attached to the Complaint. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant March 9 GFOIR Report and respectfully refers the Court to the relevant report for its complete context and content.

42.     ACE denies the allegations in Paragraph 42 as the correspondence dated March 12, 2021, is not attached to the Complaint. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

43.     ACE denies the allegations in Paragraph 43 as the June 10, 2021 correspondence referred to therein is not attached to the Complaint.  ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content..

44.     ACE denies the allegations in Paragraph 44 as the July 9,  2021 correspondence referred to therein is not attached to the Complaint. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

45.     ACE denies the allegations in Paragraph 45 as the October 12, 2021 correspondence referred to therein is not attached to the Complaint.  ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

46. ACE admits that it issued correspondence on December 8, 2021. However, ACE denies that the allegations in Paragraph 46 fully and accurately sets forth the correspondence dated December 8, 2021, or ACE's coverage position prior to that date. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

47. ACE denies that the allegations in Paragraph 47 fully and accurately sets forth the correspondence dated February 10, 2022. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

48. ACE admits that it issued correspondence on February 21, 2022 disputing Chemonics' assertions made in Chemonics' February 10, 2022 letter. However, ACE denies that the allegations in Paragraph 48 fully and accurately sets forth the correspondence dated February 21, 2022. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

49. ACE denies that the allegations in Paragraph 49 fully and accurately sets forth the correspondence dated May 11, 2022, as that correspondence is not attached to the Complaint. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence dated May 6, 2022 for its complete context and content. ACE denies all other allegations made in Paragraph 49 as ACE lacks knowledge or information sufficient to admit or deny the basis for Plaintiff's withdrawal of its claim.

50.    The allegations in Paragraph 50 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 50.

### THE USAID CLAIM

### A.    ACE'S DENIAL OF COVERAGE FOR THE USAID CLAIM FROM THE OUTSET

51.    ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 51 and, therefore, denies such allegations.

52.    ACE denies that the allegations in Paragraph 52 fully and accurately sets forth the correspondence from the DOJ dated July 19, 2021, which is not attached to the Complaint. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

53.    ACE admits that Chemonics notified ACE of the USAID Claim on September 8, 2021 by forwarding the July 2021 DOJ letter. The remaining allegations in Paragraph 53 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 53.

54.    ACE denies the allegations of Paragraph 54, but admits that the USAID Claim and "The Global Fund" Matter are related.

55.    ACE admits that it issued correspondence on October 12, 2021 to Chemonics. However, ACE denies that the allegations in Paragraph 55 fully and accurately sets forth the correspondence dated October 12, 2021. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content. ACE also admits that it issued correspondence to Chemonics subsequent to its October 12, 2021 correspondence. However, ACE

denies that the allegations in Paragraph 55 fully and accurately sets forth the subsequent correspondence. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

56.     ACE admits that it issued correspondence on October 12, 2021 to Chemonics. However, ACE denies that the allegations in Paragraph 56 fully and accurately sets forth the correspondence dated October 12, 2021. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content. ACE further denies that the allegations in Paragraph 56 fully and accurately set forth the terms of the Government Agency Claim Exclusion in the Policy. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the Policy and respectfully refers the Court to the Policy for its complete context and content.

57.     ACE denies that the allegations in Paragraph 57 fully and accurately sets forth the correspondence dated October 12, 2021. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content. The remaining allegations in Paragraph 57 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 57.

58.     ACE denies that the allegations in Paragraph 58 fully and accurately sets forth the correspondence dated May 11, 2022. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

59.     ACE admits that it issued correspondence to Chemonics dated June 15, 2022. ACE denies that the allegations in Paragraph 59 fully and accurately sets forth the correspondence dated June 15, 2022. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

60.     ACE denies that the allegations in Paragraph 60 fully and accurately sets forth the correspondence dated July 8, 2022. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

61.     ACE admits that it issued correspondence to Chemonics dated September 23, 2022. ACE denies that the allegations in Paragraph 61 fully and accurately sets forth the correspondence dated September 23, 2022. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

**B.      CHEMONICS' COOPERATION DESPITE ACE'S ERRONEOUS COVERAGE DENIAL**

62.     Admitted.

63.     Admitted.

64.     ACE denies the allegations in Paragraph 64.

65.     ACE lacks knowledge or information sufficient to admit or deny allegations regarding whether Plaintiff met with the DOJ in March 2023. ACE denies the remaining allegations of Paragraph 65.

66.     ACE admits that Chemonics provided additional documents to ACE in April 2023, but denies the remaining allegations of Paragraph 66.

67.     ACE admits that Chemonics sent correspondence to ACE on May 30, 2023. However, ACE denies that the allegations in Paragraph 67 fully and accurately sets forth the relevant correspondence dated May 30, 2023. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

68.     ACE admits that it sent correspondence to Chemonics concerning the June 2023 meeting with the DOJ. However, ACE denies that the allegations in Paragraph 68 fully and accurately sets forth the relevant correspondence. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

69.     ACE denies that the allegations in Paragraph 69 fully and accurately sets forth the relevant correspondence dated June 15, 2023. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

70.     ACE lacks knowledge as to whether Chemonics met with the DOJ on June 20, 2023 and, therefore, denies such allegation in Paragraph 70.  The remaining allegations in Paragraph 70 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 70.

## ACE'S WRONGFUL DENIAL OF COVERAGE FOR CLAIMS EXPENSES ARISING OUT OF THE USAID CLAIM

71.     ACE lacks knowledge of whether the USAID Claim was in its nascent stage and, therefore. denies that allegation of Paragraph 71. ACE further denies that the allegations in Paragraph 71 fully and accurately set forth the relevant correspondence dated August 17, 2023, as such correspondence is not attached to the Complaint. ACE denies any allegations contrary to,

misconstruing, and/or mischaracterizing the relevant correspondence, including the allegation that the August 17, 2023 correspondence raised a "wholly new defense." ACE respectfully refers the Court to the relevant correspondence for its complete context and content.

72.     ACE denies that the allegations in Paragraph 72 fully and accurately sets forth the relevant correspondence dated August 24, 2023. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content. ACE admits that it did not respond to Chemonics' correspondence dated August 24, 2023 because such correspondence did not require a response.

73.     ACE denies that the allegations in Paragraph 73 fully and accurately sets forth the relevant correspondence dated November 7, 2023. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

74.     ACE admits that it sent correspondence to Chemonics on December 1, 2023. However, ACE denies that the allegations in Paragraph 74 fully and accurately sets forth the relevant correspondence dated December 1, 2023. ACE denies any allegations contrary to, misconstruing, and/or mischaracterizing the relevant correspondence and respectfully refers the Court to the relevant correspondence for its complete context and content.

75.     Admitted.

**CHEMONICS SETTLES THE USAID CLAIM**

76.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 76 and, therefore, denies such allegations.

77.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 77 and, therefore, denies such allegations.

78.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 78 and, therefore, denies such allegations.

79.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 79 and, therefore, denies such allegations.

80.     ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 80 and, therefore, denies such allegations.

**CHEMONICS ACCUMULATES DAMAGES DUE TO ACE'S IMPROPER COVERAGE DENIAL**

81.     To the extent the allegations in Paragraph 81 state legal conclusions, no response is required. To the extent a response is required, ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 81 and, therefore, denies such allegations.

82.     To the extent the allegations in Paragraph 82 state legal conclusions, no response is required. To the extent a response is required, ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 82 and, therefore, denies such allegations.

83.     To the extent the allegations in Paragraph 83 state legal conclusions, no response is required. To the extent a response is required, ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 83 and, therefore, denies such allegations.

84.     To the extent the allegations in Paragraph 84 state legal conclusions, no response is required. To the extent a response is required, ACE lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 84 and, therefore, denies such allegations.

## FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

85.     ACE incorporates by reference its responses to Paragraphs 1 to 84 above as though fully set forth therein.

86.     The allegations in Paragraph 86 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 86.

87.     Denied.

88.     The allegations in Paragraph 88 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies that Plaintiff is entitled to the relief that it seeks.

## SECOND CAUSE OF ACTION
## FOR DECLARATORY JUDGMENT WITH RESPECT TO ACE'S OBLIGATIONS IN
## CONNECTION WITH THE USAID CLAIM

89.     ACE incorporates by reference its responses to Paragraphs 1 to 88 above as though fully set forth therein.

90.     The allegations in Paragraph 90 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies the allegations in Paragraph 92.

93.    The allegations in Paragraph 93 consist of legal conclusions to which no response is required. To the extent a response is required, ACE denies that Plaintiff is entitled to the declaratory relief that it seeks.

**PRAYER FOR RELIEF**

No response is required to the requested prayer for relied following Paragraph 93. To the extent a response is required, ACE denies that Plaintiff is entitled to any relief from ACE.

**AFFIRMATIVE DEFENSES**

As separate and distinct defenses to the counts asserted in the Complaint, ACE, without conceding that it bears the burden of the proof as to any of the defenses listed, states the following defenses and reserves the right to assert other defenses or claims if and when they become appropriate based on discovery or other developments.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

ACE has no obligations to provide coverage for matters asserted in the Complaint that are not within the scope of the applicable Insuring Agreements of the ACE Advantage Miscellaneous Professional Liability Policy, Policy No. EON G27556346 005 (the "Policy"). *See* Policy, § I.A., as amended by Endorsement No. 5.

**THIRD AFFIRMATIVE DEFENSE**

Coverage under the Policy is barred, or may be barred, in whole or in part, by Plaintiff's failure to satisfy any applicable retention of the Policy.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for coverage under the Policy is barred, or may be barred, by the doctrines of res judicata, estoppel, laches, waiver, acquiescence, ratification, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred, or may be barred, in whole or in part, by Plaintiff's failure to perform the obligations, covenants, conditions precedent, and/or conditions subsequent under the Policy.

## SIXTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred, or may be barred, in whole or in part, to the extent that the USAID Claim does not constitute a **Claim** as that term is defined in the Policy. *See* Policy Section II.C, as amended by Endorsement No. 5.

## SEVENTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred for the USAID Claim because Chemonics breached the Policy by admitting its negligence and liability in connection with the Zenith invoices giving rise to the loss alleged in both The Global Fund matter and USAID Claim, without obtaining ACE's prior Consent.

## EIGHTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred for the USAID Claim because Chemonics breached the Policy by prejudicing ACE's right to defend under the Policy by admitting to its own negligence and liability in connection with the Zenith invoices giving rise to the loss alleged in both The Global Fund matter and USAID Claim, without obtaining ACE's prior Consent.

## NINETH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred for the amounts at issue in the USAID Claim because Plaintiff waived ACE's subrogation rights against Zenith without getting ACE's prior consent.. *See* Policy § VI.G.

### TENTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred for the amounts at issue in the USAID Claim that constitute "charges for goods or services" because such amounts do not constitute **Damages,** as that term is defined in the Policy. *See* Policy II., as amended by Endorsement No. 5.

### ELEVENTH  AFFIRMATIVE DEFENSE

Coverage under the Policy is barred for any amounts that do not constitute **Damages** as that term is defined in the Policy. *See* Policy § II.F., as amended by Endorsement No. 5.

### TWELFTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred for any amounts that do not constitute **Claims Expenses** as that term is defined in the Policy. *See* Policy § II.D.

### THIRTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred, or may be barred, in whole or in part, by Plaintiff's breach of the assistance and cooperation requirement in the Policy. *See* Policy, § VI.B.

### FOURTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred, or may be barred, to the extent that other insurance or indemnification exists for the amounts at issue. *See* Policy, § VI.C.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against ACE are barred, in whole or in part, to the extent that the USAID Settlement is not reasonable.

### SIXTEENTH AFFIRMATIVE DEFENSE

Coverage under the Policy is barred, in whole or in part, by the Plaintiff's failure to mitigate, minimize, and avoid damages.

## SEVENTEENTH  AFFIRMATIVE DEFENSE

In accordance with its rights and obligations under the applicable rules and orders, ACE pleads any and all other defenses and/or affirmative defenses available to it under applicable law and reserves the right to supplement and/or amend this answer to assert any additional defenses as may hereinafter be appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant ACE American Insurance Company prays that its Answer and Affirmative Defenses be deemed good and sufficient and, after all due proceedings herein, for judgement as follows:

A.  That Plaintiff take nothing by reason of the Complaint;

B.  That judgment be entered against Plaintiff and in favor of ACE;

C.  That ACE be awarded its reasonable costs and expenses incurred in connection with the suit; and

D.  Grant ACE such other and further relief as the Court deems just and proper.

Dated: January 30, 2025                    SMITH, KATZENSTEIN & JENKINS LLP

                                           _/s/ Robert J. Katzenstein_____
                                           Robert J. Katzenstein (No. 378)
                                           Julie M. O'Dell (No. 6191)
                                           1000 N. West Street, Suite 1501
                                           Wilmington, DE 19801
                                           Telephone: (302) 652-8400
                                           rjk@skjlaw.com
                                           jmo@skjlaw.com

                                           *Attorneys for Defendant ACE American Insurance*
                                           *Company*

20

OF COUNSEL

Alan Joaquin
Justin Levy
Alexandra N. Kajari
WERNER AHARI MANGEL LLP
2112 Pennsylvania Avenue Northwest, Suite 200
Washington, D.C. 20037
(202) 599-1030
AJoaquin@wam.law
Akajari@wam.law